## PATRICK KELLY

*v.*

## JANE KELLY *et al.*

*Filed at Ottawa November 15, 1888.*

1. CHANCERY—*trial by jury—whether verdict is conclusive upon the chancellor, or merely advisory.* In chancery cases in which the right of a trial by jury is not expressly given by law, the verdict of the jury is merely advisory. The chancellor may either predicate his findings and decree upon the verdict, or, if he is not satisfied with it, may set it aside and submit the issues to another jury, or, acting in disregard of the verdict, may, on the evidence submitted at the jury trial, render a decree contrary to the findings returned by the jury. He may also hear additional evidence that may be offered.

2. SAME—*as to matters not within the scope of the bill.* On bill by a husband against his wife to enforce an equitable division of the proceeds of real estate received on its sale, the title to which stood in the wife, on the sole ground that he furnished one-half of the purchase money, there will be no error in the decree in not finding that the complainant had a right of homestead and dower in the land or its proceeds.

3. RESULTING TRUST—*evidence—in rebuttal of claim.* On bill by a husband, against his wife, to have a resulting trust declared in his favor in the proceeds of real estate, the title to which was taken in the wife's name, on the ground that he furnished one-half of the purchase money, evidence on behalf of the defendant that an adult daughter of the parties paid all the purchase money for the land except a certain sum contributed by a minor daughter, is proper, not for the purpose of establishing an equity in favor of the adult daughter, or of impeaching the deed, but for the purpose of rebutting the claim of the husband that he has an equity growing out of the payment of half the purchase money.

4. SAME—*rule of adjustment as to improvements.* Title to a lot was taken in the name of a married woman. The price given was $700, all of which was paid by an adult daughter, except $35, which last named sum was realized from the earnings of a minor daughter. The wife purchased a building, and moved the same on the lot, and improved the building, her husband contributing nothing in respect of the building. The wife sold the lot and building for $7000, the husband joining in the deed. On bill by the latter to have a resulting trust declared in his favor for one-half of the proceeds, the court estimated the value

of the lot at $2800, and the improvements at $4200, which were declared to be personal property, and decreed that the husband was entitled to a thirty-five seven-hundredth part of $2800, or $140, giving him the benefit of the sum realized from the earnings of his minor daughter, and paid on the purchase money of the lot: *Held,* that the rule adopted for finding the interest of the husband in the proceeds of the sale was equitable and just, and afforded the only reasonable basis for determining the amount he was entitled to receive that was available under the facts.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

In 1882, a deed for the real estate hereinafter mentioned and described was made to Jane Kelly, and in 1885 a two-story house was bought and moved onto said real estate, and the house repaired and improved. In 1886, the land, and the building and improvements thereon, were sold and conveyed to the Chicago and Great Western Railway Company for the consideration of $7000, both Jane Kelly, and Patrick Kelly, her husband, joining in the conveyance, and the $7000 was paid over to Ruel W. Bridge, the attorney and agent of said Jane Kelly. Thereupon, said Patrick Kelly filed, in the Superior Court of Cook county, this bill in chancery against his wife, Jane Kelly, and said Ruel W. Bridge, and claimed that said real estate, house and premises were purchased with the joint money of himself and his said wife; that he contributed at least one-half of the purchase money, and that at the time of the purchase of the property, the title thereof should have been taken in the joint names of himself and his wife; that she, Jane Kelly, held said property as a trustee, for the joint benefit of himself and of her, and that said Bridge should be held to hold said $7000 as such trustee, and that he, said Patrick Kelly, was equitably entitled to have and receive, for his own use, one-half of said money. Answers and replications were duly filed in the cause.

On the 14th of April, 1887, a jury was impaneled for the trial of the cause, and they, after hearing the evidence and the arguments of counsel, and the instructions of the court, returned a verdict finding that the real estate and premises described in the bill of complaint in the suit were acquired by the joint earnings of Patrick Kelly and Jane Kelly, and that Patrick Kelly was entitled to $1500 of the fund involved, and that Jane Kelly was entitled to the remainder of said fund. This verdict was set aside, upon motion, and a further order was made by the court, to the effect that the order theretofore made, allowing the cause to be tried by a jury, should be set aside and vacated. Thereupon the court, on the 22d of April, 1887, entered a final decree in the cause, as follows:

"This cause having come on to be heard, upon the bill of complaint, and answers of the defendants thereto, replication of complainant to answers, and upon proof taken in said cause, on the trial of issues of fact, by jury heretofore sworn to try same, and cause having been argued by counsel for parties, and court having heard and considered said pleadings, proofs and arguments, and being fully advised in the premises, doth find that the real estate described in complainant's bill was purchased in the year 1882, for $700, and that title for it was taken in name of defendant, Jane Kelly; that neither complainant, nor defendant Jane Kelly, paid any part of said purchase money; that all the said purchase money, excepting $35, was paid by Mary Kelly, daughter of said complainant and defendant, after she, said Mary Kelly, became of full age; that said sum of $35 was earned by Jennie Kelly, daughter of complainant, during her minority, and that complainant is entitled to the same benefit thereof as though he had himself contributed said amount towards the purchase of said real estate. The court further finds, that the improvements upon said real estate were purchased and built by the joint earnings of defendant Jane Kelly, and Mary Kelly and Jennie Kelly; that no part of said money for said improvements was earned

by Mary and Jennie Kelly during the minority of either of them; that complainant contributed no portion of the moneys paid for said improvements, and performed no services upon or about the same that he was not paid for; and the court further finds, that the said improvements ought, in equity, to be considered and held to be personal property, and not as part of said real estate; that at time of said sale, complainant had no right to or interest in, except that arising from the payment of said $35.

"The court further finds, that the said real estate, and the improvements thereon, were sold for the sum of $7000; and the court further finds, that the value of said improvements at the time of said sale was $4200, and the value of said real estate, at said time, was $2800; and the court further finds, that the complainant is entitled to receive out of the said $2800 paid, the same proportion that said sum paid is to said sum sold for, or that $35 is to $2800, or, $140. This court further finds, that the money in the hands of the clerk of this court, under an order heretofore made, is more than said sum of $140, the proceeds of said sale, and that the proceeds of said sale should stand in lieu and in place of the said real estate and improvements thereon, and that $2800 thereof stand in the place of said real estate, and that $4200 thereof stand in the place of said improvements on said real estate.

"It is therefore ordered, adjudged and decreed, that the improvements which were upon the premises described in complainant's bill of complaint as the west twenty-five feet of the south ninety feet of lot 11, in block 53, in the canal trustee's new subdivision of the south-west quarter of section 21, township 39 north, range 14, east of the third principal meridian, in the city of Chicago, county of Cook, after the time of sale thereof, should be regarded as personal property; that the value thereof, at the time of said sale, was $4200; that out of the $7000, proceeds of the sale of said improvements and said real estate, the said sum of $4200 stand in the place and

in lieu of said improvements; that complainant has no right, title or interest to or any claim upon said sum of $4200; that the value of said real estate at time of said sale was $2800; that out of $7000, proceeds of sale of said improvements and real estate, said sum of $2800 stand in place and in lieu of said real estate; that the complainant's infant daughter having contributed of her earnings the sum of $35 towards the sum of $700 paid for said real estate, the complainant is entitled to $\frac{35}{700}$ of $2800, to-wit, the sum of $140, and no more.

"It is further ordered, adjudged and decreed, that the clerk of said court, out of the moneys now in his hands, under order of court made in this cause, pay to complainant $140, and take his receipt therefor, and the balance of the moneys in his hands, under said order, he pay to defendant R. W. Bridge, by whom the same was paid to said clerk; and it is further ordered, adjudged and decreed, that the injunction issued on the same is hereby dissolved."

This decree of the Superior Court was affirmed in the Appellate Court for the First District, and the cause is now brought here by a further appeal.

Mr. WILLIAM H. SISSON, and Mr. C. F. GOODING, for the appellant:

The decree is contrary to the finding of the jury on the issues of fact, and can not be based thereon, for the reason the verdict and submission were set aside.

Kelly had a homestead and dower in the premises. He was the head of the family, and residing on the premises, when the property was sold. Homestead attaches to lands of the wife in which the husband had curtesy. *Boyd* v. *Cudderback,* 31 Ill. 113; *Henson* v. *Moore,* 104 id. 403.

Title to the family homestead may be in the wife. *Tourville* v. *Pierson,* 39 Ill. 446; *Lawson* v. *Lawson,* 117 id. 98.

Kelly *v.* Kelly *et al.*     555

Brief for the Appellees.    Opinion of the Court.

Parol evidence should not have been admitted on the trial, to impeach the deed to Jane Kelly. It was not necessary to plead the Statute of Frauds, for Mary Kelly was not a party to the suit. *Hovey* v. *Holcomb*, 11 Ill. 660; *Lantry* v. *Lantry*, 51 id. 458; *Rogers* v. *Simmons*, 55 id. 76.

The title to the lot being in Jane Kelly, the improvements made thereon would attach to the realty. It was error to divide the property.

Messrs. Campbell & Custer, for the appellees:

Under the pleadings, the sole question is whether Patrick Kelly contributed any portion of the money invested in the purchase or repairs of the premises, the proceeds of the sale of which it is sought to divide. The question of dower and homestead is not presented by the pleadings, nor is there any proof in respect to such claim.

No parol evidence was admitted to impeach the deed to Jane Kelly. The only object was to show that appellant did not contribute to the purchase of the property. The most effective way to do that was to show who did pay for it.

The decree is not founded on the verdict of the jury. The verdict in a feigned issue out of chancery is merely advisory, and may be disregarded by the court. *Titcomb* v. *Vantyle*, 84 Ill. 371; *Smith* v. *Newton*, id. 14.

Mr. Justice Baker delivered the opinion of the Court:

The action of the court in setting aside the verdict of the jury, and in vacating the order for the submission of the cause to a jury, and in proceeding to find the facts and enter a decree without evidence other than that which had been heard upon the jury trial, was not erroneous. In chancery causes in which the right of a trial by jury is not expressly given by law, the verdict of a jury is merely advisory. In such cases, the chancellor may act as his sound judicial discretion,

and his judgment and opinion of the weight of the evidence, dictate. He may either predicate his findings and decree upon the verdict, or, if he is not satisfied with it, may set it aside and submit the issues to another jury, or, acting in total disregard of the verdict, may, on the evidence submitted at the jury trial, render a decree that is contrary to the findings returned by the jury. The chancellor may, as matter of course, hear additional testimony. But in the case at bar it does not appear, from the record, that either party to the cause offered or proposed to produce any testimony other than that which had been heard at the jury trial. It is not even now suggested that appellant desired to introduce further evidence at the hearing. An examination of the record shows that the findings and decree of the Superior Court were fully sustained by the proofs.

There is no force in the claim that the rights of Mary Kelly, daughter of appellant and appellee, who was not a party to the suit, were adjudicated therein. The court admitted testimony to show that she earned and paid all the purchase money for the land, except the $35 contributed by her sister, Jennie, who was a minor. This evidence was clearly admissible, not for the purpose of establishing an equity in Mary Kelly or of impeaching the deed to Jane Kelly, but for the object of rebutting the claim of appellant that he had an equity growing out of the payment of purchase money. Proof that the consideration for the land was paid by Mary Kelly, was a legitimate and effective way of showing it was not paid by him.

It is also urged as error, that the court did not find that appellant had a right of homestead and dower in the land or its proceeds. In respect to this matter it is sufficient to say that no question of homestead or dower was involved in the suit. The claim made by the bill of appellant, and all that the evidence offered by him tended to prove, was simply and solely that he had contributed purchase money for the prop-

erty, and was therefore entitled, in equity, to an interest in its proceeds.

It is insisted that as the title to the land was in appellee, and she purchased the house and moved it onto the lot, it thereby became a part of the realty, and that it was error for the court to decree that in ascertaining the interest of appellant in the proceeds of the premises, the improvements upon the lot should be separated from the realty, and separate compensations made of the values of, and of the moneys received for, the lot and the house, severally. The whole property, including both land and building, realized $7000, and the court was justified in finding, from the evidence, that the building was worth $4200 and the land worth $2800. It was also found by the court that appellant had contributed nothing to the purchase or repair of the building, but had contributed, through his minor child, $35 of the money paid for the land. The court determined his equitable interest in the proceeds of the sale of both land and building, by allowing him that proportion of the value of the lot which the $35 contributed by him bears to $700, the whole amount paid for the lot. The rule adopted for ascertaining the interest of appellant in the proceeds of the sale was equitable and just, and afforded the only reasonable basis for determining the amount he was entitled to receive that was available under the facts of the case.

We find no error in the record. The decree of the Superior Court and the judgment of the Appellate Court are affirmed.

*Judgment affirmed.*

Mr. Justice Bailey, having heard this case in the Appellate Court, took no part in its decision here.