Farrin v. Cox.

## GEORGE M. FARRIN
v.
## MATTHEW COX AND MALINDA COX.

*Mortgages—Foreclosure—Fraud in Obtaining Signatures to Notes.*

1.   The verdict of a jury on a bill to foreclose a mortgage is merely advisory, and not binding on the chancellor.

2.   Where, in a given case, the evidence is in the form of depositions, the rule fails that "this court will not disturb the finding of the court below, it having heard the witnesses testify, and observed their demeanor while doing so," questions of fact alone being involved.

3.   This court holds that the fact of the assignment of the notes and the amount paid therefor could not enlighten the jury in the case presented in determining whether the defendant had paid the notes under all the evidence in the case, and a certain modification by the court of a given instruction was improper in the suggestion that it might be taken, in connection with other facts, in determining whether the notes had been paid.

4.   In view of above, and the evidence, in a proceeding brought to foreclose a mortgage, the defendants claiming that notes involved were obtained by fraud, the judgment for the defendants can not stand.

[Opinion filed March 3, 1893.]

IN ERROR to the Circuit Court of Alexander County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. LANSDEN & LEEK, for plaintiff in error.

Messrs. GREEN & GILBERT, for defendants in error.

MR. JUSTICE PHILLIPS.   Appellant filed a bill to foreclose a mortgage made to secure four notes, due respectively in one, two, three and four years, for the sum of $89.42 each, made payable to Thomas B. Farrin, who assigned the notes due in two and three years to appellant.   Defendants, in their answer first filed, set up as a defense to the bill to foreclose that they had paid all of said notes; subsequently

defendants amended their answer and set up that the mortgage sought to be foreclosed and the assignment were fraudulently made for the purpose of defrauding the defendants. The defendants then filed a further answer and set up that the two notes upon which the suit is founded were obtained by fraud; that defendant Matthew Cox is an unlettered person and can not read manuscript, and relied on the honesty of Thomas B. Farrin; signed all the papers that Thomas B. Farrin said was necessary to be signed in the transaction at the time the notes and mortgage were given, and that he signed four notes, as he is now informed, when at the time he only intended to sign two notes for the sum of $89.42 each; and that he did not owe more than the amount of the two notes at the time of their execution. The evidence was submitted to a jury, who found for the defendants, and a decree was entered dismissing the bill.

The evidence of said defendant is that he did not sign but two notes, to his knowledge, and he also testified to payments made and having paid the full amount of these notes in addition to the two formerly taken up. His son testifies to substantially the same payments as that testified to by the father. The deposition of A. H. Irwin is that he was circuit clerk of Alexander county, and prepared the mortgage, and that the mortgage and four notes were signed in his presence, and that he explained the contents and effect of the notes and mortgage to the defendant, and at the time T. B. Farrin was not present. The deposition of John H. Robinson shows that T. B. Farrin and Matthew Cox, the defendant, came to his office in 1885, and stated they had a settlement to make between them, and states that he made a memorandum of all the items stated by each party, and that they each agreed upon the items stated; and included in the amount of defendant's indebtedness to Farrin, were two notes of $89.42 each, and at that time the indebtedness due from defendant to Farrin was $226.65, and both parties expressed themselves as satisfied with the settlement, and no payment was made after that settlement. The deposition of T. B. Farrin is clear and convincing as to the amount

of the indebtedness and as to payments made. The deposition of Horace A. Hannon shows that defendant came to him in February, 1884, and endeavored to negotiate a loan for the purpose of procuring money to pay T. B. Farrin. The deposition of other witnesses show the recognition of the indebtedness on these notes recognized by the defendant in 1884 and 1885.

The complainant was a minor and had a bank account in a savings bank by depositing money earned by him as a clerk and purchased the notes in controversy in this case and they were assigned to him by T. B. Farrin. The verdict of a jury on a bill to foreclose a mortgage is merely advisory and not binding on the chancellor. Kelly v. Kelly, 126 Ill. 550. It is held in Baker v. Rockbrand, 118 Ill. 365:

" This court has frequently said that when the trial court saw and heard the witnesses, with the opportunity of observing them while testifying, this court would attach much weight to the finding of the trial court, and would not reverse upon mere questions of fact, unless such finding was palpably erroneous, and we are not disposed to depart from that rule. But in cases where, as in the one at bar, the evidence is in the form of depositions, the rule fails. This court having the same facility of determining the truth or falsity of the testimony, must determine from the record the questions of fact as shall appear just and right." And in this case, while oral evidence was introduced on the trial, yet the greater portion of the testimony was taken in deposition, and we are satisfied that the weight of the evidence does not sustain the verdict of the jury.

Nor does the record show that any issue was made out of chancery to submit a special issue to the jury for finding. The complainant asked the court to instruct the jury as follows: " That the amount which George M. Farrin paid his father, Thomas B. Farrin, for the two notes given in evidence is wholly immaterial," which the court refused to give, and modified by adding thereto: " And the fact of their assignment should only be considered by you as assisting you, in connection with the other facts and circumstances, in

determining whether the notes had been paid." The assignment of the notes and the amount paid therefor could not enlighten the jury in determining whether the defendant had paid the notes, under all the evidence in this case, and the modification of the instruction was improper in the suggestion that it might be taken in connection with other facts in determining whether the notes had been paid. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*