ROCKFORD INSURANCE COMPANY

V.

EPHRAIM HILDRETH.

*Insurance—False Representations of Agent—Whether Intent to Deceive Material—Practice—Preservation of Exceptions Necessary—Motion for New Trial Overruled by Judge other than Trial Judge.*

Where a person being solicited to insure his property, was in doubt as to whether his property was already insured or not, and the solicitor undertook to ascertain that fact for him, and, after ascertaining that he was insured, reported that the property was not insured, whereupon such person insured with the solicitor's company, in an action brought by the insurance company upon the note given by appellee for the premium, it is *held:* That the question of the agent's intent to deceive the appellee was immaterial. Such representations will be treated as fraudulent if they mislead the person to whom they are made to his injury.

2. The failure of the court to instruct the jury that appellee was bound to exercise due care to avoid being deceived by the agent's representations was immaterial, the jury having specially found that appellee exercised such care.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of McHenry County; the Hon. HENRY B. WILLIS, Judge, presiding.

Mr. C. P. BARNES, for appellant.

Mr. JOHN B. LYON, for appellee.

MR. JUSTICE LACEY. This was a suit brought by appellant against appellee, on a promissory note given by appellee in consideration of insurance on his realty, brought, originally, before a justice of the peace and appealed to the Circuit Court. The two policies of insurance for which the note was given, and the note, bear date October 17, 1887, the latter being for $57.50, and falling due November 1, 1888. At the January term, 1891, of the Circuit Court, the case was tried before one of the circuit judges, Kellum, resulting in a verdict for appellee. The appellant entered a motion for a new trial, which was taken under advisement till May, 1891, at which term the same judge entered an order taking the case under further advisement and to be decided in vacation as of that term, on briefs to be furnished by the parties. At the September term, 1891, the motion for a new trial was overruled by Judge Willis, another of the judges of said court, and judgment rendered on the verdict. It appears by an amendment to the bill of exceptions that this action was taken by Judge Willis because of a letter from Judge Kellum announcing that he had overruled the motion for a new trial, and requesting Judge Willis to announce and enter such decision, and counsel for appellant requesting the court to act on such letter.

It is objected as preliminary that the action of Judge Willis in overruling the motion for a new trial and entering judgment was erroneous for the reason that he was not the judge who tried the cause. This objection, if entitled to any weight under any circumstances, which we need not decide, certainly has no force as applied to the facts of this case. In the first place, the judge undoubtedly had jurisdiction to render such a judgment, and in the second place, he had jurisdiction to enter the judgment on the letter of

Judge Kellum, for appellant expressly requested it, and can not now be heard to object to any irregularity in that particular; and in the third place, there was no exception taken to the judgment being rendered by Judge Willis, the exception only going to the fact of the motion being overruled. This objection will then be dismissed without further notice. The main controversy in this case is as to the sufficiency of the defense made by appellee, that the note was obtained by appellant by the fraudulent misrepresentation of its agent, one P. Flynn.

It appears that appellee was an old man, a farmer living in the northern part of McHenry County; that J. O. Lewis was, at the time the insurance in question was obtained, the agent of the Chemung and Dunham Insurance Company, residing in the city of Harvard, about six miles from appellee's residence. On the evening of October 17, 1887, Flynn, the agent of appellant, called on appellee at his farm, to solicit an application for insurance of the latter's property. The appellee was in doubt as to whether or not he had not been insured by his son, who had been his agent, and who was then in Dakota, in the Chemung and Dunham Insurance Company, and if he was he did not want to take out any other insurance. Flynn then undertook to see the agent of the latter named company at Harvard and to return and inform appellee as to whether he was so insured. Flynn accordingly went to see the agent and was informed that appellee had been insured in the Chemung and Dunham Company, called the Township Company, in May previous. This was proven by Lewis and Josephine Pixby; yet Flynn returned and represented to appellee that he had seen Lewis and that the latter told him that appellee's property was not insured in the Township Company. Relying on this statement appellee took out the insurance in question. In December following appellee learned through his son, who had returned from Dakota, the fact of his prior insurance. He then returned the policy to appellant's attorney, and demanded back his note, disclaiming any interest under the policy. We are satisfied from the evidence that Flynn

knowingly made a false report to appellee of what Lewis told him, and according to his own evidence he did not report it as it was told him. The appellant objects that the instructions for appellee failed to contain the hypothesis of Flynn's knowledge of the falsity of his statement to appellee respecting Lewis' statement. Under the circumstances of the case this was not required.

The statements were positively made as to their truthfulness, and were false and injurious to appellee and beneficial to appellant, and had the same effect as though Flynn had wilfully made them. Lockridge v. Foster, 4 Scam. 569; Mitchell v. McDougall, 62 Ill. 498; Allen v. Hart, 72 Ill. 104; Baker v. Rockabrand, 118 Ill. 365. Representations of the character in question will be treated as fraudulent if they mislead and deceive the person to whom made, to his injury. Story on Sales, 165. The appellant again objects to appellee's instructions because they fail to instruct the jury that appellee was bound to exercise care to keep from being deceived by the representations of Flynn. Even if such presentation of the law was demanded in this case, which we much doubt, the omission could not have been harmful to appellant, as the jury found by its special verdict that appellee exercised such care, thus having passed upon that question, and found in appellee's favor, notwithstanding the instructions, which it could only have done with the instructions desired on that point.

The objection made that the court erred in allowing Lewis' letter to be read to the jury and taken by it to the jury room, is not well taken, as appellant preserved no exception to this allowance by the court. In conclusion we will add that the overwhelming weight of the evidence was in appellee's favor as to the fraudulent procuring of the note by Flynn, the appellant's agent, and if any evidence was improperly admitted it could not be harmful to appellant. The refusal of the court to give certain of appellant's offered instructions to the jury was not harmful, as the jury was fairly instructed.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*