WILLIAM LEAVITT

*v.*

SARAH LEAVITT *et al.*

*Opinion filed April 17, 1899.*

1. EVIDENCE—*when parties are incompetent to testify against an heir.*
Defendants to a bill for partition by an heir who claims under the
Statute of Descent are incompetent to testify as to matters oc-
curring before the ancestor's death, which tend to support their
adverse claims as grantees in his deeds.

2. DEEDS—*grantor's intention is the controlling element in delivery.*
Deeds executed by the grantor but retained in his possession, after
enjoining secrecy on the notary and declaring that the grantees
were not to know anything of the deeds until the grantor died, are
not delivered, though taken by the grantor's widow and recorded a
few days after his death.

APPEAL from the Circuit Court of Randolph county;
the Hon. WILLIAM HARTZELL, Judge, presiding.

George Leavitt was seized of certain land. He died
on January 9, 1898, leaving complainant, who is an only
grandson by a deceased son, and defendants, his widow
and four daughters, him surviving. February 4, 1897,
he called in a notary and executed four deeds, dividing
the land among the four daughters. He declared to the
notary, as testified to by the latter, that the deeds were
not to be delivered till after his death, and enjoined se-
crecy. February 10, 1897, he destroyed these deeds and
had the same notary prepare four others to the same
grantees. These latter deeds were executed, and the
same declaration was made that they were not to be de-
livered till after death, and secrecy was again enjoined.
The first set of deeds gave the widow the rents for life.
The notary is not clear in his testimony as to the second
deeds on this point. October 28, 1897, the deceased called
in a justice of the peace and gave him the second set

of deeds and desired a new division made among the same four daughters. The justice stated the difficulty of changing the descriptions, and suggested that the division be equalized by new deeds with the same descriptions, but requiring certain sums to be paid Mrs. Wilson, one of the grantees, whose share was too small. This was done and the deeds now in controversy were executed, requiring cash payments to one grantee by the others, and giving the widow the rents for life if she survived the grantor. The same secrecy was enjoined, and the justice says the children were not to know of the deeds until the old man died. A short while after these third deeds were executed, Mrs. Caudle testifies the deceased told her he had fixed the matter to suit him, but was getting old and might become a burden, and he did not wish the deeds delivered until after his death. He said he "did not wish to take off his clothes till ready to go to bed, and therefore the deeds should not be delivered till after his death." The justice who wrote the deeds states that the deceased acknowledged them, and he, the justice, handed them to the grantor and left them in the latter's hands. Three days after the grantor's death the widow took the deeds from the house and had them recorded and then delivered them. The grantees were all grown married daughters, residing apart from the grantor.

The court permitted the widow and the grantees and their husbands to testify as to matters occurring before the grantor's death. Complainant objected, as he sues as heir of the grantor. The widow says the deeds were given her to be delivered after his death. Appellant insists the widow and grantees are incompetent against the heir of the grantor complaining; that he being the grantor's heir, the widow and grantees in the deeds are interested adversely to him, and are incompetent as to matters occurring before the grantor's death; that the evidence shows the deeds to have been intended to be

testamentary in character, with full power in the grantor over them during life.

Appellant's bill was dismissed on hearing. Error is assigned in the admission of evidence, because of incompetence of certain witnesses, and in dismissing the bill.

H. CLAY HORNER, for appellant.

WILLIAM M. SCHUWERK, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant, the grandson of the deceased, George Leavitt, filed his bill for partition, making the sisters of his father, and also their mother, defendants. The defense set up is, the lands sought to be partitioned were conveyed by George Leavitt to the four sisters, with a provision in the deeds that the widow of Leavitt should have the rents and profits of the land for life. The conveyances thus made disposed of the lands, if the deeds were valid, in a different way from that provided by the Statute of Descent. Where an attempt is made to effect a distribution of lands or other property different from that provided by law, the evidence relied upon to establish the contract under which this is sought to be done must be weighed in the most scrupulous manner, and the contract must be proved by competent evidence.

Appellant claims as heir, and the court permitted the widow of George Leavitt, and the grantees in the deeds, his daughters and their husbands, to testify as to matters occurring before the death of Leavitt. Where one claims as heir, and seeks to assert his title beause of that relation, defendants, who claim under a deed from the ancestor, are not competent witnesses to defeat the right of the heir under the Statute of Descent. (*Way* v. *Harriman,* 126 Ill. 132; *Bevelot* v. *Lestrade,* 153 id. 625; *Wilson* v. *Wilson,* 158 id. 567.) The interests of the grantees in the deeds

and the interest of the widow were all greater than given under the Statute of Descent, and their evidence was not competent as seeking to sustain their title adversely to the interest of appellant, who claimed as heir. The trial court erred in admitting in evidence the testimony of the grantees in the deed, of the husbands of the grantees and of the widow of the deceased, as to matters occurring before the death of George Leavitt.

It is not contended that the deeds were delivered to the grantees during the lifetime of George Leavitt. Twice before the execution of these deeds he had made deeds conveying these lands to the same parties by different descriptions. He retained possession of those two sets of deeds, and called in a justice of the peace to make the deeds under which defendants claim title. The former deeds were destroyed. These deeds were in the house where the deceased resided, and were by his widow recorded and delivered to the grantees after his death. There is nothing in this evidence to show that George Leavitt, the grantor, lost all control over the deeds, and it is apparent that he did not intend the grantees should become possessed of the estate before his death. His declarations, shown by competent evidence, are convincing that such was his intention, and the rule is that the intention of the grantor with reference to the delivery of deeds is the controlling element. *Wilson* v. *Wilson, supra; Shults* v. *Shults*, 159 Ill. 654; *Brown* v. *Brown*, 167 id. 631; *Hawes* v. *Hawes*, 177 id. 409.

There was no sufficient delivery of the deeds and the court erred in dismissing the bill. The decree of the circuit court of Randolph county is reversed and the cause is remanded.          *Reversed and remanded.*