[Civil No. 1617.   Filed March 1, 1919.]

[178 Pac. 777.]

GEORGE H. DUNBAR, GEORGE WILSON and HARRIET E. GREEN, Appellants, v. ALICE MORAJESKA and VICTOR MORAJESKA, Appellees.

1. QUIETING TITLE—"CLOUD ON TITLE"—DEED AS MORTGAGE.—A deed, which is in fact a mortgage, executed for a valid consideration and properly of record, is not a cloud on title by which is meant a semblance of title, either legal or equitable, or a claim of a right in lands appearing in some legal form, but which is in fact invalid, or which it would be inequitable to enforce.

2. QUIETING TITLE—PLEADING—CONSTRUCTION AGAINST PLEADER.—In suit to declare void a deed to mining claims as cloud on title, an answer that on failure to exercise an option to incorporate the property covered defendant was to hold "said property" as security for certain advancements to plaintiff, *held* to preclude defendant from claiming that only part of the property was so held, and that the remainder belonged to him absolutely.

3. PLEADING—AMBIGUITY—CONSTRUCTION AGAINST PLEADER.—A party is bound by his pleadings, and when the pleading is susceptible of more than one meaning, it should be most strongly construed against the pleader.

   [As to necessity of cloud on title having apparent validity, see note in 45 Am. St. Rep. 373.]

APPEAL from a judgment of the Superior Court of the county of Pinal. A. G. McAlister, Judge. Reversed and remanded, with directions.

Mr. R. E. Sloan, for Appellants.

Mr. Ben C. Hill and Mr. Benton Dick, for Appellees.

ROSS, J.—The appellees, who were the plaintiffs below, brought this action against the appellants-defendant to remove a cloud from their title to a number of mining claims situate in Owl Head mining district, Pinal county, Arizona.

It is alleged, in substance, in the complaint, that plaintiff Alice Morajeska, on the ninth day of April, 1915, conveyed said mining claims by deed absolute in form to defendant Dunbar, and that said Dunbar accepted said conveyance to

hold the title in trust for all the plaintiffs and defendants, and that the condition of said trust was that the defendants would immediately form a corporation capitalized at $1,000,000, to which Dunbar would convey all of said mining claims in consideration of its capital stock, and thereafter issue or cause to be issued to plaintiff Alice Morajeska, for herself and the benefit of the other plaintiff, Victor Morajeska, 49/100 of said capital stock; that this would be done within 3 weeks from April 9, 1915, and within 30 days thereafter the property would be examined with a view of getting machinery necessary to operate it; that these promises were the sole consideration for the deed; that defendants have failed to perform any of their promises, and for that reason there has been a complete failure of consideration; that the deed constitutes a cloud upon the title to the said mining property; and that plaintiffs have no adequate remedy at law.

The prayer is that the plaintiffs be declared the owners of said mining claims free and clear of all encumbrances and claims of defendants, that said deed be declared null and void, and that the same be ordered canceled of record, and for all other proper relief.

Defendants deny the trusteeship as declared in the complaint, but allege that defendant Dunbar, by virtue of said deed and a contemporaneous agreement, became the unconditional owner of 51/100 of said mining claims, and the trustee of 49/100 therein for plaintiff Alice Morajeska.

The answer admits the existence of a trust relationship between Dunbar and Morajeska as to 49 per cent of the mining property; alleges that $600 was the consideration paid for the deed; that in case a company should be organized to develop the property, Morajeska, in the event she repaid Dunbar $2,011.80, moneys advanced to her, exclusive of the $600 paid for deed, was to receive an interest in the company equal to 49 per cent of the entire capital stock of said company, but in default of the repayment of such sum her interest would be reduced and his increased accordingly on the basis of a $10,000 valuation for the property.

Because of the important bearing of the next paragraph of the answer, we give it in *haec verba:*

"The said defendant further alleges that it was mutually understood and agreed between himself and the said plaintiff Alice Morajeska that the said Dunbar would not bind himself

in any given time to organize the company before mentioned, but that the time when and the manner in which the said company would be organized would depend entirely upon the decision of the said defendant Dunbar, and in case no such company were organized, then said Dunbar was to hold said property as security for all moneys advanced to, or on behalf of, or at the solicitation of, the said Alice Morajeska, and for such other sums as would reimburse him for his interest on the money advanced and for the time expended by him in furtherance of the purposes hereinbefore set out.''

Defendants Wilson and Green disclaimed any interest in the transaction whatever. Neither do they appear to be interested in the appeal.

The court, before whom the case was tried without a jury, made no findings of fact, but entered judgment ordering the deed to Dunbar to be ''removed as a cloud upon the title of the plaintiffs to said mining claims''; decreed that the deed was null and void and without any force or effect whatever, and that it be canceled. By the judgment, the plaintiffs were ordered to pay defendant Dunbar, within 10 months from date of judgment, $1,000, with interest at 6 per cent per annum from April 9, 1915, date of deed, and defendant Dunbar was adjudged to have a lien on 51/100 of said mining claims as security for the payment of said $1,000 and interest.

It is also adjudged and decreed that the plaintiffs may pay the $1,000 and interest to the clerk of the superior court of Pinal county within —— months from the date of judgment, and that the clerk is authorized and directed to receive and receipt for the same, and to pay the same over to Dunbar, his heirs or assigns.

The position of appellant Dunbar on this appeal is that no view taken of the evidence will sustain the judgment. He has made eight assignments, all based upon that idea except one, which is to the effect that the judgment is contradictory and inconsistent in that it decreed the deed null and void, and at the same time decreed it a lien on 51/100 of the property.

Before the court could decree a lien on the mining claims in favor of Dunbar for the $1,000, or for any sum, it must have been found as a matter of fact that the deed from Morajeska to Dunbar was at the time of its delivery, or became under the conditions set forth in the defendants' answer, a mort-

gage to secure the purchase money of said mining property
paid to Morajeska by Dunbar.

In the face of the statute of frauds, the lien could not have
been made by a verbal promise to that effect. So the only
conclusion is that the court found from the pleadings or the
evidence, or both, that the deed asked to be canceled was a
mortgage and not a deed, although purporting to be one. And
the finding also must have been that it was a valid, subsisting
instrument executed for a valuable consideration and prop-
erly of record. That being so, it was not, as the term is
defined and understood, "a cloud upon the title."

"A cloud" on title has been defined as a "semblance of
a title, either legal or equitable, or a claim of an interest in
land appearing in some legal form, but which is in fact
unfounded, or which it would be inequitable to enforce."
*Rigdon* v. *Shirk,* 127 Ill. 411, 19 N. E. 698; *Shults* v. *Shults,*
159 Ill. 654, 50 Am. St. Rep. 188, 43 N. E. 800; 5 R. C. L.
634, § 1; 7 Cyc. 255.

The gravamen of the complaint is that the deed from
Morajeska to Dunbar was without consideration and void,
and, in equity, should be canceled. Aside from the implica-
tion of the validity of the deed as a mortgage from the
judgment, the evidence conclusively shows that Dunbar paid
Morajeska $1,000 as the consideration therefor. Therefore
the plaintiffs' suit to cancel the deed as a cloud upon their
title must fail. The judgment in that respect was not sup-
ported by the evidence.

The answer presents two agreements or conditions affect-
ing the terms of the deed from Morajeska to Dunbar. The
first is that Dunbar at his option could organize a company
to develop the mining claims, in which event he would be
the owner of 51 per cent of the stock and Morajeska 49 per
cent, less advancements made to her by Dunbar. This option,
both the answer and the evidence clearly indicates, Dunbar
did not exercise, nor wish to exercise. Indeed, Dunbar in his
testimony, notwithstanding his answer says:

"At the time of this transaction [the payment of the pur-
chase price of $1,000 and delivery of deed] at the bank noth-
ing was said between myself and Madam [Morajeska] with
reference to the formation of any company, nor was anything
said prior to that time."

The second condition became absolute upon the failure of Dunbar to exercise the first; that is, if he did not elect to organize a company to develop the property, "then the said Dunbar *was to hold said property as security for all moneys advanced to or on behalf of or at the solicitation of said Alice Morajeska,"* etc.

It is contended by appellant Dunbar that a reasonable and fair construction of the above allegation, when taken in connection with other parts of the answer, would be to limit the words "said property" to mean 49 per cent, and not the whole thereof; that any other construction would mean that Dunbar was reserving security upon his own property—the 51 per cent unconditionally his. The language of the pleader is hardly susceptible of such a construction. It clearly states, in substance, that in case Dunbar did not choose to go into the mining business *"said property"* was to be held by him as *security for all moneys advanced* to Morajeska, "and all other sums as would reimburse him for his interest on money advanced," but if he elect to go into the mining business, he would retain 51 per cent of the property, and the consideration paid Morajeska therefor should not be returned to him.

At the trial defendant Dunbar asked permission to amend his answer to conform with his present contention. The court did not pass upon his request either to refuse or grant it. Not having pressed the court for a ruling, nor assigned this inaction of the court as error, we must assume he was not dissatisfied with the answer as it stood.

It is of course elementary that a party is bound by his pleadings, and when a pleading is susceptible of more than one meaning, it should be most strongly construed against the pleader because he, having selected the language, should make it clear. 21 R. C. L. 464, § 31.

We will not discuss the evidence for the reason that it is quite as unsatisfactory and confusing as the pleadings.

The same difficulties that confront us were presented to the learned trial judge, but he, in at least one respect, had an advantage over us in that he saw and heard the witnesses testify. However he may have weighed or considered the testimony, a general survey of the full record satisfies us that his conclusion was about right. Dunbar seems to have gotten all he was entitled to under the pleadings and evidence, except that his judgment should have been against the whole prop-

erty and unconditional. He was upon the stand as a witness, and, although he alleges in his answer he advanced money to Morajeska in addition to the $1,000 consideration for the deed, he offered no word to sustain the allegation.

We think the court erred in holding the deed null and void, and in decreeing its cancellation as a cloud upon plaintiffs' title. The judgment and decree is therefore reversed, and the case remanded, with direction to the lower court to enter judgment in favor of defendant Dunbar for the sum of $1,000, and interest at the rate of 6 per cent per annum from April 9, 1915, and to foreclose said instrument as a mortgage against all of said mining claims in accordance with paragraph 554, Civil Code of 1913, and for costs in both this and the trial court.

CUNNINGHAM, C. J., and BAKER, J., concur.