# Jones *v.* Dimmick, as Executor.

### *Bill to Foreclose a Pledge.*

(Decided June 29, 1912.  59 South. 623.)

1. *Pledges; Consideration; Bill.*—A bill which alleges that respondent deposited with plaintiff's testator certain shares of mining stock to secure an agreement, made for a valuable consideration, to sell at a profit, other stock sold to testator, sufficiently states the contract and the consideration for the pledge, and is good as a bill to foreclose the pledge.

2. *Same; Foreclosure.*—A pledgee may file a bill to foreclose a pledge without having had his damages assessed in a court of law.

3. *Same; Enforcement; Remedy.*—The statutory remedy for enforcing a pledge is cumulative, and does not deprive a pledgee of the right to go into equity to foreclose the pledge.

4. *Same; Stock; Necessity of Returning.*—Where mining stock was pledged to secure the pledgor's agreement to sell at a profit other stock sold to pledgee, the pledgee must return the stock before he can foreclose the pledge, for the pledgor's default.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by J. P. Dimmick as executor of the estate of J. W. Dimmick, deceased, against T. R. Jones, to foreclose a pledge.  From a decree overruling demurrer to the bill respondent appeals.  Affirmed.

STEINER, CRUM & WEIL, for appellant.  It is well settled that in bills of this character the consideration must be distinctly stated, and the mere conclusion of the pleader that there was a valuable consideration is not sufficient.—20 Enc. P. & P. 435 and 445.  The executor has his remedy under section 3303, Code 1907.

TYSON, WILSON & MARTIN, for appellee.  No brief reached the Reporter.

SAYRE, J.—This is a suit in equity brought to foreclose a pledge. The appeal is prosecuted to reverse a decree overruling defendant's demurrer to the bill of complaint as amended.

The substance of the bill is that Dimmick's testator bought of Jones, at and for the price of $5,000, then and thereafter paid, 30,000 shares of the stock of the Cobre Grande Copper Company. At the same time Jones agreed for a valuable consideration that he would, on the request of Dimmick, complainant's testator, sell the said stock for Dimmick at a profit within 12 months from the date of the transaction, and to secure this agreement deposited with Dimmick 10,000 shares of the stock of the La Dura Consolidated Mines Company. Jones has failed for more than 12 months to comply with Dimmick's request that the stock of the Cobre Grande Company be sold. The prayer is that the La Dura stock be sold and the proceeds be applied in satisfaction of the damages, not to exceed $5,000, sustained by complainant's testator, and for general relief.

The contract and the consideration moving from complainant were sufficiently stated in the bill.—31 Cyc. 884.

It is well established that the pledgee may file a bill in equity to foreclose a pledge, and this he may do without assessing his damages at law before coming into chancery. That may be done in the chancery proceeding.—*Vaupell v. Woodward,* 2 Sandf. Ch. (N. Y) 143.

Nor does the statutory remedy stand in the way. That is cumulative.—*Nixon v. Clear Creek Lumber Co.,* 150 Ala. 602, 43 South. 805, 9 L. R. A. (N. S.) 1255.

The true meaning of the contract seems to be that the pledge of the La Dura stock was to secure complainant's testator against loss on his Cobre Grande stock if he would sell his stock within 12 months. There can

be no doubt that complainant cannot have his Cobre Grande stock and his money too; and this the complainant has recognized by an offer to surrender that stock upon defendant's "compliance with his said agreement, or of such decree as may be rendered by this court." There may be some question as to the exact relief to which complainant will be entitled upon proof of the averments of the bill. But no such question has been raised by the demurrer, and, in view of the prayer for general relief, it could not affect the complainant's right to maintain his bill. That is a matter which will be treated here after it has been made the subject of consideration and decree in the court below.

In the ruling on the bill and demurrer shown to the court by this record there was no error. The decree will be affirmed.

Affirmed. All the Justices concur.