# Sewell *v.* Walkley, *et al.*

### Bill to Redeem.

(Decided November 30, 1916.   73 South. 422.)

1. **Mortgages; Bill to Redeem; Sufficiency.**—The bill stated and examined and held a bill to redeem when judged by its special prayer, to contain equity and not subject to demurrer.

2. **Equity; Demurrer; Particular Allegation.**—Where demurrers are directed to a bill as a whole, and the bill contains equity as a bill to redeem, the demurrers cannot be sustained even if particular allegations hint at relief in other aspects which they would not support.

3. **Deeds; Rescission; Non Payment.**—The mere refusal of a party to perform such as paying the consideration for a deed, is not such a fraud as will authorize rescission of a deed by a court of equity at the instance of the grantor.

4. **Cancellation of Instrument; Grounds; Condition Subsequent.**—Where the performance by the grantee is imposed as a condition subsequent to the retention and enjoyment of the deed, equity will prevent irremediable mischief to the grantor by the rescission of the deed.

5. **Equity; Prayer; Relief.**—Where the allegations of the bill do not make a case of performance by the grantee as a condition subsequent to the retention and enjoyment of the fee, relief by rescission would not be granted, even under a general prayer, and even if consistent.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Earl B. Walkley and others against N. B. Sewell, for rescission and to redeem.   From a decree overruling demurrers to the amended bill, respondent appeals.   Affirmed.

THOMAS & WILEY, for appellant.   W. A. GUNTER, and C. E. O. TIMMERMAN, for appellee.

SOMERVILLE, J.— (1) Disregarding several unnecessary allegations, the amended bill of complaint shows that complainants executed a deed to respondent conveying certain land belonging to one of the complainants; that this deed, though absolute in form, was agreed and understood to be a mortgage for the security of $600 due from one of the complainants, and $1,000 to be presently loaned to the other complainant; that the $1,000 was never in fact advanced; and that complainants are entitled to redeem and have a reconveyance of the land. The bill, judged by its special prayer for relief, is essentially a bill to redeem, and in this aspect it clearly contains equity, and is not subject to any of the grounds of demurrer.

(2) The demurrers are directed to the bill *as a whole,* and could not be sustained, even if particular allegations hint at relief in other aspects which they would not support. Manifestly, however, the amended bill makes a simple issue of fact, viz., whether the conveyance was an absolute deed or a mortgage, and complainants' right to an accounting and redemption will turn upon that issue.

(3) We note that counsel for complainants (appellees here) discuss the pleadings upon the theory, also, that the bill is for the cancellation of the deed mortgage as *a fraud* upon complainants; fraud being predicated on the charge that the deed was delivered to respondent for examination, and upon his promise, if found satisfactory, to pay over the $1,000 to complainants next morning, and that he retained and recorded the deed and afterwards refused to pay the money, "although pressed to do so." The mere refusal of a party to perform, as by the payment of money or other consideration for a deed, is clearly not such a fraud as will authorize rescission of the deed by a court of equity at the suit of the grantor.—*Gardner v. Knight,* 124 Ala. 273, 27 South. 298; 6 Cyc. 288, 289.

(4) It may be that where the grantee's performance is imposed as a condition subsequent to the retention and enjoyment of the deed, equity would prevent irremediable mischief to the grantor by the rescission of the executed deed.—*Teague v. Teague,* 22 Tex. Civ. App. 443, 54 S. W. 632; *Krutson v. Bostrak,* 99 Wis. 469. 75 N. W. 156; 6 Cyc. 288-9.

(5) But we do not think the allegation of the bill make such a case, and hence such relief, even if consistent, would not be granted under the general prayer.

On the pleadings as presented the chancellor did not err in overruling the demurrer to the bill of complaint, as amended, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.