(89 South. 446)

## MOBILE TOWING & WRECKING CO. v. HARTWELL. (1 Div. 165.)

(Supreme Court of Alabama. April 21, 1921.)

1. Corporations ⟨key⟩123(10)—Equity has jurisdiction of action upon contractual pledge of corporate stock.

Court had jurisdiction of a bill to foreclose a lien on corporate stock founded on a contractual pledge, and no objection could be raised to the jurisdiction of the court to administer relief, whether under special or general prayer.

2. Quieting title ⟨key⟩2—Equity without jurisdiction to declare title to personal property.

Equity is without jurisdiction to declare title to personal property merely for the purpose of quieting adverse claims or settling doubts as to its validity.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill by the Mobile Towing & Wrecking Company against Harry T. Hartwell to determine right of property of complainant in certain corporate stocks, and to foreclose a lien on certain other corporate stocks in favor of complainant and against respondent. From a decree denying relief, complainant appeals. Reversed and remanded.

The bill avers that the respondent became indebted to complainant, prior to May 23, 1916, in the sum of $58,052.06, with interest from May 1, 1916, and that on June 26, 1916 complainant sold at public auction 199 shares of its capital stock then standing on its books in the name of respondent, to enforce its lien thereon and itself purchased the said stock for $2,000 and this sum was credited on said debt, and the balance of the said debt is still due and unpaid. It is further averred that respondent executed notes in the name of complainant aggregating $8,500, indorsed by himself and accompanied by his pledge of ten shares of the Capital stock of the Turner-Hartwell Docks Company; that this was done and the notes discounted by respondent with the City National Bank of Mobile for respondent's benefit and without plaintiff's authority; that complainant took up said notes then held by the First National Bank of Mobile, and received from it 10 shares of the capital stock of the Turner-Hartwell Docks Company; and that this claim against respondent is part of the general debt above referred to. It is further averred that in 1916 respondent gave his demand note to the City National Bank for $9,215.40, with certain shares, 15, of the capital stock of the Docks Company, owned by respondent as collateral; that complainant assumed payment of said note and took over the debt and received said collaterals from the First National Bank the then holder; that said note was credited on May 27, 1918, with $5,647.50 paid by a collateral obligor; and that the balance is still due. It is further averred that prior to June 26, 1916, said First National Bank sold 25 shares of complainant's capital stock pledged to it by respondent and became the purchaser thereof.

Smiths, Young & Leigh, of Mobile, for appellant.

The former litigation, by which complainant was decreed to have title to 60 shares of the 199 sold by it, was res judicata as to 26 shares of the stock, title to which is in dispute here. 26 Ala. 504; 183 Ala. 441, 62 South. 777. All necessary requisites were complied with. Section 3470, Code 1907. Complainant was entitled to the stock in the Turner-Hartwell Docks Company.

Lyons, Chamberlain & Courtney, of Mobile, for appellee.

No res judicata is shown as to the 26 shares. 201 Ala. 256, 77 South. 848; 183 Ala. 435, 62 South. 777. The sale did not pass title. Section 3476, Code 1907; 168 Ala. 469, 53 South. 228. Complainant did not carry the burden that was on it.

SOMERVILLE, J. The bill alleges, and the answer and proof show, that complainant has acquired, as collateral security for the payment of a balance due from respondent on the note for $9,215.40, assumed by complainant, 15 certain shares of capital stock of the Turner-Hartwell Docks Company, and, further, that complainant has acquired that stock, and also 25 shares of the capital stock of complainant company as collateral for respondent's general indebtedness to complainant, by a written transfer from respondent. The answer admits a balance due to complainant on the assumed note, and also on respondent's general indebtedness.

[1] Under this pleading and proof, complainant was entitled to have the amounts of those debts ascertained, and to have a decree of foreclosure as against those collateral securities for the satisfaction of the respective debts. Complainant's lien was founded upon a contractual pledge, and no objection could be raised to the jurisdiction of the court to administer relief, whether under special or general prayer. Jones v. Dimmick, 178 Ala. 296, 59 South. 623.

[2] With respect to the 60 shares of complainant's capital stock, evidenced by certificate No. 40, it conclusively appears that complainant's title thereto, by virtue of its purchase thereof under a lien foreclosure on

June 26, 1916, was litigated and determined favorably to complainant in the case of Mobile Towing & Wrecking Co. v. First National Bank of Lakeland, 201 Ala. 419, 78 South. 797. Equity is without jurisdiction to declare title to personal property merely for the purpose of quieting adverse claims, or settling doubts as to its validity—that procedure being limited to titles to real estate. Hence no relief could be decreed as to that stock, under the prayer to declare complainant's title.

The bill prays, also for a like adjudication of title in complainant as to the 25 shares of complainant's capital stock acquired from the First National Bank of Mobile. Since, for the reason just stated, that prayer must be denied, it is not necessary to determine that question, resting as it does upon the validity of complainant's lien foreclosure sale of all of respondent's shares of its capital stock on June 26, 1916. Complainant's rights will be sufficiently protected by the enforcement of its lien upon the securities under its claims by subrogation and by assignment from this respondent.

We hold that the trial court erred in denying that relief and dismissing the bill of complaint, and its decree will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.