(93 South. 479)

**BAILEY v. FOLSOM, Tax Collector, et al.
(4 Div. 955.)**

(Supreme Court of Alabama. April 13, 1922.)

**1. Taxation ⬤�net514—Loss or destruction of assessment records did not annul lien, though amount of taxes could not be ascertained from competent record evidence.**

The loss or destruction of assessment records did not annul the lien, even though the exact amount of the lien was thereby rendered unobtainable from competent record evidence.

**2. Quieting title ⬤⟫7(1)—Valid claim not cloud on title.**

A cloud on title is not cast by a valid claim, which may be enforced in law or equity.

**3. Quieting title ⬤⟫7(5)—Valid tax lien not cloud on title, though amount of tax cannot be ascertained from competent record evidence because of loss or destruction of assessment records.**

A valid lien for taxes did not constitute a cloud on the title of the land, even though the loss or destruction of the assessment records made it impossible to ascertain the exact amount of the taxes from the competent record evidence.

**4. Quieting title ⬤⟫2—Equity has not jurisdiction to quiet title to personal property.**

Equity has no jurisdiction to protect or quiet title to personal property.

**5. Taxation ⬤⟫608(9)—Equity will not enjoin collection of tax on ground that amount could not be ascertained because of loss or destruction of assessment records.**

Equity will not enjoin tax collector from making any levy or seizure of property for nonpayment of tax, on the ground that the assessment records were lost or destroyed, that the substitution of the lost or destroyed papers and books was undertaken without authority of law, and that it was impossible to ascertain the amount of the tax from competent record evidence; the taxpayer having an adequate remedy at law under Laws 1919, p. 352, § 240 et seq.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by W. M. Bailey against Fred Folsom, as Tax Collector, and others, to enjoin levy on or seizure of complainant's property to collect taxes. From a decree sustaining demurrers, complainant appeals. Affirmed.

W. O. Mulkey, of Geneva, and J. A. Carnley, of Elba, for appellant.

The taxpayer had the right in equity to have the illegally substituted books canceled, and the bill had equity as one for permanent injunction. 58 Ala. 546; 150 Ala. 527, 43 South. 718; 79 Ala. 489; 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26.

Harwell G. Davis, Atty. Gen., J. J. Mayfield, Asst. Atty. Gen., and W. W. Sanders, of Elba, for appellees.

The bill will not lie as one to permit a cloud on personal property. 206 Ala. 7, 89 South. 446. Mere irregularity, hardship, or illegality of assessment will not warrant interference by court of equity. 96 Ala. 144, 11 South. 393, 16 L. R. A. 729. To be entitled to relief, party must acquit himself of negligence. 92 Ala. 440, 9 South. 314; 93 Ala. 396, 9 South. 260; 1 Pom. Eq. Jur. (4th Ed.) 334; 119 Ala. 297, 24 South. 860. Under the law, the property could not be sold until after notice to appellant and hearing by probate court. Appellant, hence, had adequate remedy at law. Acts 1919, pp. 352–357.

McCLELLAN, J. This bill, to which demurrer was sustained in a single aspect, was filed by the appellant, a taxpayer, against the tax officials of Coffee county, seeking to restrain such officials from making any levy or seizure of appellant's property in the threatened effort to collect taxes demandable for the tax year 1919–20—this upon the theory that there had been no legally efficient substitution of lost or destroyed papers and books evidencing the validly effected assessment, including valuation, of appellant's real and personal property for taxation for the tax year 1919–20. In substance, the allegation of the bill is that the substitution of these lost or destroyed papers and books was undertaken, without any authority, by these tax officials, and that, though apparently valid, these substituted records effected to afford the means for his property's subjection or appropriation to the satisfaction of the tax demands recited in the face of such substituted records. The bill avows the willingness and readiness of appellant to pay his taxes for the tax year 1919–20 whenever the true amount is competently ascertained; he as well as the officials being wholly ignorant of the amount justly demandable. Through amendment of the bill filed August 17, 1921, these defining averments were interposed:

---

⬤⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Complainant avers that he recognizes in this cause the lien of the state of Alabama and county of Coffee, on the property described herein and on property belonging to the complainant for the unpaid tax for the tax year 1919–20, which lien was evidenced by a correct assessment and entries thereof upon the records, which have been lost or destroyed; and it is not the purpose of this complainant to remove such lien as a cloud upon his title, or to ask for its removal; but that of which the complainant complains is the act of the said respondents in concert as herein alleged and without legal authority in substituting in the manner stated to be entered upon the books and records relating to tax matters in Coffee county, as and for the original and without notice to this complainant and proceeding thereunder, that is, under said alleged substituted assessment to demand and collect the tax represented by such assessment. Complainant avers that in the matter of substituting such assessment said respondents were acting without authority."

It is also averred that prior to the loss or destruction of the records mentioned, the assessment for the tax year 1919–20 had been "completed in every respect" and the perfected books delivered to the tax collector as his lawful warrant for collecting the same; and that the assessments thus completed "created a lien," necessarily in favor of the state and county, upon the real and personal property of the complainant.

[1, 2] Both from the averments of the amended bill and from the express avowals of the complainant therethrough it appears that the object of the bill is not an effort to invoke equity's jurisdiction to remove a cloud upon title. The bill admits the perfection of a lien upon complainant's properties in consequence of valid assessment for taxation. The subsequent loss or destruction of the evidence of such lien did not annul the lien, though according to the bill's allegations, the exact amount (taxes) of the lien was thereby rendered unobtainable from competent record evidence. A cloud on title is not cast by a valid claim which may be enforced in law or equity; invalidity in fact—alone susceptible of establishment by extrinsic evidence—is essential to the existence or threatened casting of a cloud which equity will exercise its jurisdiction to remove. Rigdon v. Shirk, 127 Ill. 411, 412, 19 N. E. 698; Shults v. Shults, 159 Ill. 654, 43 N. E. 800, 50 Am. St. Rep. 188, 191; 6 Pom. Eq. § 724, and note; Ensley v. McWilliams, 145 Ala. 159, 167, 41 South. 296, 117 Am. St. Rep. 26, approving the pertinent doctrine of Shults v. Shults, supra.

[3–5] Since "the density of the cloud can make no difference in the right to have it removed" (Whitney v. Port Huron, 88 Mich. 268, 272, 50 N. W. 316, 317, 26 Am. St. Rep. 291, 293), it is, on the other hand, to be concluded that a lien securing the payment of money is not a cloud if it is valid as a security for the payment of any sum, however small. Excluding, as must be done, the bill's reference to the category of bills to remove or to prevent a cloud upon title, it is without equity. In the aspect of the bill which seeks to protect or to quiet the complainant's right or title to personal property, it must fail, for that equity has no such jurisdiction. Mobile, etc., Co. v. Hartwell, 206 Ala. 7, 89 South. 446. With respect to complainant's real estate, the substance of the bill's design is to have adjudged illegal and invalid, because unauthorized by law, the substituted tax papers and books which the named tax officers of Coffee county have assumed to create in lieu of admittedly valid documents and books of assessment, importing a lien for taxes, that have been lost or destroyed; waived said plea in abatement, and the court such substituted records or papers being, apparently, originals. When it is considered that complainant's real estate cannot be subjected to sale for unpaid taxes without hearing, after notice, and decree of the probate court (Rev. Laws 1919, § 240 et seq., Gen. Acts 1919, p. 352 et seq.), the effect of the amended bill's effort is to have the *substituted* documents and books pronounced invalid, with the result to attend of depriving the probate court of the evidential bases upon which to found a decree condemning the real estate to sale for unpaid taxes, a protective object that, so far as complainant's real estate is concerned, could be as well and as effectively accomplished by complainant in the probate court, by there objecting to their validity on the hearing of the proceeding to condemn to sale the real estate for the payment of unpaid taxes. On that hearing complainant may present and have judicially determined the essence of the contention set up in the amended bill. He has therefore an adequate remedy otherwise provided, and, in consequence, his bill presents no ground for equitable relief.

The demurrer objecting to the equity of the bill was well founded, and should have been sustained. The decree sustaining the demurrer, though on another ground, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.