(111 So. 5)

## BESSEMER COAL, IRON & LAND CO. v. BULLARD.  (6 Div. 781.)

(Supreme Court of Alabama.  Jan. 13, 1927.)

**1. Equity ⬿239—On demurrer, allegations of bill are accepted as true.**

Facts averred in bill in equity are accepted as true on demurrer.

**2. Vendor and purchaser ⬿95(2)—Vendor, under lease sale contract allowing forfeiture within 60 days after default, cannot declare forfeiture after accepting back payments and subsequently accepting regular payment.**

Vendor, under lease sale contract providing for forfeiture 60 days after default in monthly payment, cannot declare forfeiture after accepting sum sufficient to take care of all payments which purchaser had failed to make and subsequently accepting regular monthly payment, though attempted forfeiture was within 60 days from time larger sum was received.

**3. Specific performance ⬿97(1)—Equity will not decree specific performance of lease sale contract, requiring monthly payments until all purchase money is paid.**

Purchaser under lease sale contract *held* not entitled to specific performance before all purchase money was paid, notwithstanding rule that, where land is subject matter of agreement, equitable jurisdiction is established, since equity will not undertake to supervise performance of contract calling for succession of acts, such as monthly payments.

**4. Vendor and purchaser ⬿254(3)—Lease sale contract is in equity, a security for purchase money.**

Lease sale contract was in equity a security for purchase money, notwithstanding its technical form providing that sums paid were for rent, and no other purpose.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by J. M. Bullard against the Bessemer Coal, Iron & Land Company. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant.

Complainant is not entitled to a deed until the expiration of 116 months, as provided in the contract. Hence the bill is prematurely filed. Equity will not decree specific performance of a contract which requires a succession of acts continuing through a considerable period of time, the performance of which will require the protracted supervision of the court. Stewart v. White, 189 Ala. 192, 66 So. 623; Roquemore & Hall v. Mitchell Bros., 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52; Tombigbee Valley R. Co. v. Fairford Lbr. Co., 155 Ala. 575, 47 So. 88.

W. A. Weaver and Theodore J. Lamar, both of Birmingham, for appellee.

The subject-matter of the suit is land, of which the equity court will take jurisdiction; the remedy at law being inadequate. Adderly v. Dixon, 57 Eng. Rep. 239; 4 Pomeroy's Eq. Jur. (2d Ed.) 3321; Bogan v. Daughdrill, 51 Ala. 312. The granting of specific performance is within the discretion of the court. 5 Pomeroy, 4906. There would be no necessity in this case for protracted supervision by the court, and specific performance would be appropriate. Goddard v. The American Queen, 44 App. Div. 454, 61 N. Y. S. 133; Chubb v. Peckham, 13 N. J. Eq. 207; Code 1923, §§ 6833–6835. The bill has equity. Barton v. Broyles, 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50; France v. Ramsey, 214 Ala. 327, 107 So. 816.

SAYRE, J. Appellee, intending to purchase a lot in or near the city of Bessemer, on April 7, 1923, entered into a contract with appellant of the kind commonly designated as a lease sale contract. The contract provided that appellee should pay rent at the rate of $5 a month, with interest on deferred payments, and, if at the end of 116 months he had paid each installment, appellant would execute and deliver to him a warranty deed without further consideration. It was provided in the written contract that—

"If any of said monthly installments are not paid within sixty days after the same become due, * * * then this lease shall terminate at once, and all rights of the party of the second part (appellee) hereunder shall cease; * * * it being expressly agreed that all sums paid hereunder are for the rent of said land, and for no other purpose. Any waiver on the part of the party of the first part of its right to forfeit this lease for any default shall not be a waiver of its right to forfeit the same for any subsequent default."

Appellee was to pay all taxes and assessments for "municipal or county improvements." Appellee made payments as follows: April 7, 1923, $5; May 19th, $5; September 8th, $5; October 6th, $5; June 24, 1924, $50; July 1st, $5. On August 1, 1924, appellee tendered $5, which appellant refused to receive, and then, on August 18, 1924, appellant undertook to declare a forfeiture, offering to return to appellee $55 of the money he had paid, but appellee refused to accept. Appellee in his bill offers to pay all installments as they become due; prays for a decree of specific performance, or other such relief as may be meet and equitable.

[1, 2] According to the facts averred in the bill, and they are accepted as true on demurrer, appellant had no right to declare a forfeiture at the time when it undertook to do so. Appellee's payments had been made at irregular times, with more than a month

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

elapsing between payments, and not always in the sums stipulated; but appellee in one way or another had made all payments due prior to August 1, 1924, and such payments had been accepted by appellant, the last being made on July 1, 1924, and, in any event, appellant was not entitled under its contract to declare a forfeiture until 60 days had elapsed after a default in any payment. It may be .inferred that appellant's offer to refund $55 of the amount paid was based upon the notion that the time elapsing between the payments made on October 6, 1923, and June 24, 1924, entitled it' to declare a forfeiture upon returning $55, which included payments made June 24, and July 1, 1924. If so, appellant misconceived its rights in the premises. By accepting the payments of the two latest dates appellant continued to treat the contract as a continuing obligation, and had no right to declare a forfeiture as and when it did. Zirkle v. Ball, 171 Ala. 568, 54 .So. 1000; Stewart v. Cross, 66 Ala. 28.‾

[3] Appellee's bill as a bill for specific performance was prematurely filed. Appellee is not entitled to a deed because he has not paid all the purchase money. It is true that, "where land, or any estate therein, is the subject-matter of the agreement, the inadequacy of the legal remedy is well settled, and the equitable `jurisdiction is firmly established." Pom. Eq. Jur. (4th Ed.) § 1402; Bogan Daughdrill, `51 Ala. 312. But other considerations intervene in the present case. To one we have already adverted. Another is that the court, where a contract, not of itself involving public interests, stipulates for a succession of acts—in this case small payments extending through a number of years—the court of equity will not undertake to direct and supervise its performance. Stewart v. White, 189 Ala. 194, 66 So. 623; Roquemore v. Mitchell, 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52.

We have stated above that it might be inferred that appellant's offer to refund $55 of the amount paid proceeded upon the theory that it was, at the time of such offer, entitled to take advantage of appellee's failure to make payments strictly in accordance with the terms of the contract. But that was a surmise only, and it may be that such offer was made in recognition of appellee's property right resulting from payments made. Barton v. Broyles Furniture Co., 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50. Whatever theory as to that may have controlled appellant in making the offer, we have stated our conclusion that there had been no cause of forfeiture. The only remaining question then, since appellant has denied appellee's further right under the contract, is concerned with appellee's remedy in the circumstances. Appellee retains possession, and we have stated our opinion that

his prayer for specific performance in this case is premature.

[4] However, under the general prayer for relief, appellee, upon proof of his averments, will ͺbe entitled to a decreee relieving him against the forfeiture declared by appellant, to be allowed a reasonable opportunity to pay installments that have fallen due since the attempted forfeiture, and that, as for what occurred prior thereto, the right to continue to make payments as they fall due in the future. Withoͅut regard to the technical form of the contract, it was in equity a security for purchase money. Pom. Eq. Jur. (5th Ed.) § 455.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.