(114 So. 574)

## MAZE v. EMPLOYEES' LOAN SOC. et al.
### (6 Div. 934.)

Supreme Court of Alabama. Nov. 25, 1927.

1. **Appeal and error ⚖️684(4)—To present for review ruling causing nonsuit, it must be shown in record that voluntary nonsuit was suffered because of ruling.**

To present for review ruling of trial court causing nonsuit it must be made reasonably apparent or certain from record that nonsuit was suffered because of ruling.

2. **Assault and battery ⚖️5—Verbal abuse is "slander," and, words used, when not accompanied by assault, are not subject of actionable damages.**

Action for verbal abuse is slander, and words used, when not accompanied by an assault, are not subject of actionable damages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Slander.]

3. **Assault and battery ⚖️5—Libel and slander ⚖️6(1)—Words neither injuring plaintiff physically nor accompanied by offer of physical violence nor interfering with contractual relations and property rights were not actionable.**

Use of mere words to plaintiff, which had not effect to injure him physically and were not accompanied with an actual offer of physical violence or did not interfere with his contractual relations and property rights, were not actionable as trespass to person or as libel or slander.

4. **Libel and slander ⚖️9(1)—Where defendant, after plaintiff paid loan, made repeated demands for further payments because of usury charged, plaintiff had no cause of action.**

Where defendant charged plaintiff usurious interest on loan, and plaintiff paid lawful amount and defendant thereafter made repeated demands for further payments by reason of usury charged, plaintiff had no cause of action.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by H. H. Maze against the Employees' Loan Society and the individuals composing the partnership. Plaintiff takes a nonsuit and appeals from adverse ruling on pleading. Affirmed.

Count 2 of the complaint is as follows:

"Plaintiff claims of the defendants $10,000 damages for that heretofore, on, to wit, May 1, 1924, defendants were money lenders in Jefferson county, Ala., within the meaning of that certain act of the Legislature of Alabama known as the 'Money Lenders' Act,' which said act was approved on March 9, 1901; and plaintiff avers that on, to wit, September 1, 1919, plaintiff entered into a certain contract in writing with defendants whereby plaintiff borrowed of defendants the sum of, to wit, $50.00. And plaintiff avers that he gave to defendants in consideration of said loan, to wit, his three notes for the sum of, to wit, $25.00 each, two of said notes representing the principal sum borrowed, the third of said notes being for the usurious interest upon said loan. And plaintiff avers that notwithstanding the fact that said principal notes bore on their face the stipulation that plaintiff was to pay interest thereon at the legal rate of interest in Alabama, plaintiff was in fact required to execute said interest note payable to defendants for usurious interest upon said loan for forbearance of a period of, to wit, six months. And plaintiff avers that for and during a period of, to wit, five years, plaintiff paid monthly, every month during said period, upon said notes and the various renewals thereof executed by plaintiff, the usurious sum of, to wit, $25 every three months; and plaintiff avers that on, to wit, May 1, 1924, the servant, agent, or employee of defendants, whose name is Farrar, and whose other, further, or different name is to the plaintiff unknown, whilst said servant, agent, or employee of defendants was acting within the line and scope of his employment by, service to, or agency of defendants, then and there called upon

plaintiff and in a gross, rude, and insulting manner made demand upon plaintiff that he pay to defendants the sum of, to wit, $75.00, said amount being claimed by defendants as due them for interest and principal upon said loans.

"Plaintiff avers that many times during said period of, to wit, five years, the agents, servants, or employees of defendants, whilst acting within the line and scope of their agency of, service to, or employment by defendants, the names of said agents, servants, or employees of defendants being to plaintiff unknown, did make insistent, persistent, vexatious, and embarrassing demands upon plaintiff for payments upon the interest upon said loan after the total sum of the various payments made upon said loan or the renewals thereof amounted to as much as the principal sum loaned to plaintiff by defendants, together with 8 per centum per annum thereon; and plaintiff avers that said demands made upon plaintiff, as aforesaid, were made by the said servant, agent, or employee of defendants after the total sum of the various payments made upon said loan, or the renewals thereof, amounted to as much as the principal sum or sums loaned, together with 8 per centum per annum thereon; and plaintiff further avers that the defendants, their said servants, agents or employees, whilst acting within the line and scope of their service to, agency of or employment by defendants, did wantonly, maliciously, vexatiously, wrongfully, and illegally enforce or attempt to enforce the said note, or the renewal thereof, taken for said loan or for the usurious interest thereon, after the actual amounts paid on and for said loan or the renewals thereof amounted to as much as the principal sum loaned, together with 8 per centum per annum thereon. And plaintiff avers that as a proximate consequence of said acts of defendants, done with malice, plaintiff suffered the following losses and damages, namely, to wit:

"Plaintiff lost the use of his money paid as aforesaid for a long time, averaging, to wit, three years; plaintiff suffered great mental distress and anxiety and great physical inconvenience; plaintiff was held up to the scorn, contempt, and ridicule of his business associates; plaintiff's standing and credit in the community in which he lives and among the people with whom he works was greatly impaired, lessened, and injured; and plaintiff claims punitive damages."

Barber & Barber, of Birmingham, for appellant.

Count 2 is in case, and the averments sufficiently set forth the damages as being consequential and resulting from the wrongful acts of defendants or their agents as averred. Sparks v. McCreary, 156 Ala. 382, 46 So. 332, 22 L. R. A. (N. S.) 1224; City Del. Co. v. Henry, 139 Ala. 161, 34 So. 389; Ala. Mid. R. Co. v. Martin, 100 Ala. 511, 14 So. 401; 21 Ency. Pl. & Pr. 917; Tenn. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; Southern Finance Co. v. Foster, 19 Ala. App. 109, 95 So. 338; Peerson v. Ashcraft, 201 Ala. 348, 78 So. 204, L. R. A. 1918D, 540.

David J. Davis, of Birmingham, for appellees.

Mere words, although they are abusive and threatening in character, are not actionable in trespass to persons, however morally wrong they may be. 38 Cyc. 999. Mere words or threats, however provoking or insulting, do not constitute an assault without an actual offer of physical violence. 5 Cyc. 617. In order for defamatory words to constitute actionable liability or slander, they must be published.

THOMAS, J. [1] It is established in this jurisdiction to present for review the ruling of a trial court that caused a nonsuit, it must be made reasonably apparent or certain from the record that such action of appellant was suffered because of said ruling. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112; Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274; Epperson v. First National Bank, 209 Ala. 12, 95 So. 343; Bush v. Russell, 180 Ala. 590, 61 So. 373; Guiler v. United States Cast Iron Pipe & Foundry Co., 197 Ala. 233, 72 So. 498; Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; Ex parte Martin, 180 Ala. 620, 61 So. 905. However this may be, we prefer to rest the decision on the merits of the court's ruling in sustaining demurrer to count 2. In this there was no error.

[2, 3] When the said count is analyzed it amounts to allegations of a loan, the charge of usurious interest thereon, payment of the lawful amount, and the repeated demand for further payments by reason of the usury charged. The action for verbal abuse is slander, and words used, when not accompanied by an assault, are not the subject of actionable damages. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 409, 68 So. 328, L. R. A. 1915F, 516. It is not contended that defendants published any words amounting to libel or slander, committed any act of physical violence, interfered with plaintiff's free conduct as an individual, and with his contractual or business relations, or in any way interfered with appellant's property. The use by defendants of mere words to plaintiff, which had not the effect to injure him physically and were not accompanied with an actual offer of physical violence, or did not interfere with his contractual relations and property rights, are not actionable as a trespass to the person, or as libel or slander. 38 Cyc. 999; 5 C. J. 617; L. R. A. 1915F, 516.

[4] The case of Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224, was an action for damages for injury to business or calling; and Tennessee Coal, Iron & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008, was for damages for depriving one of employment; and Southern Finance Co. v. Foster, 19 Ala. App. 109, 95 So. 338, was for causing the termination of contractual relations. The second count was not within the influence

of the last cases that are cited, and was properly challenged by demurrer.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.