66 So.2d 600

### Ex parte HAMMETT.

#### 7 Div. 192.

Supreme Court of Alabama.

June 30, 1953.

Chas. Douglass, Anniston, for respondent.

Chas. S. Doster, Jr., Anniston, for petitioner.

242

SIMPSON, Justice.

This is an original petition by Hammett for mandamus to review an order of the circuit court of Calhoun County which required him to answer certain interrogatories propounded to him in a civil action pending against him in that court styled Amos v. Hammett.

Petitioner as defendant in that suit refused to answer the interrogatories propounded by plaintiff Amos, contending that no count of the complaint stated a cause of action and that, therefore, he was not required to take notice of the interrogatories.

■ We have said that unless a cause of action is found stated in the complaint the defendant may not be called upon to answer interrogatories propounded to him under the statute. Ex parte Nolen, 223 Ala. 213, 135 So. 337; Altman v. Barrett, 234 Ala. 234, 174 So. 293.

The basis of the suit was a telephone conversation from defendant Hammett to plaintiff, Mrs. Amos, at her home when defendant is alleged to have used abusive and insulting language to her, proximately causing illness, embarrassment and annoyance with accompanying "physical pain."

The question then is whether the alleged conduct of the defendant, when unconnected with any trespassory act and not defamatory, gives the plaintiff a right of action for her catalogued injuries alleged to have been caused by the mental or emotional disturbance of the defendant's telephone call.

The authorities are divided, with the weight of authority seemingly against such a right of action. Following are some: I Alabama Law Review 121; Kramer v. Ricksmeier, 159 Iowa 48, 139 N.W. 1091, 45 L.R.A.,N.S., 928; Bartow v. Smith, 149 Ohio St. 301, 78 N.E.2d 735, 15 A.L.R.2d 94, 52 Amer.Jur. 419 et seq., § 73, Torts; Brooker v. Silverthorne, 111 S.C. 553, 99 S.E. 350, 5 A.L.R. 1283, n. 1286; Johnson v. Sampson, 167 Minn. 203, 208 N.W. 814, 46 A.L.R. 775; 138 A.L.R. 103.

■ The uniform decisions of this court, in line with the weight of authority, hold that such conduct is not actionable civilly and therefore impel a negative answer to the query. To be the subject of actionable damages some traditional tort such as slander or assault must be alleged. Mere words alone, however, abusive, not defamatory and unconnected with an assault cannot form the basis of a cause of action. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 409, 68 So. 328, L.R.A.1915F, 516; Widener v. Alabama Great Southern R. Co., 194 Ala. 115, 69 So. 558; Louisville & N. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A.L.R. 251; Maze v. Employees' Loan Society, 217 Ala. 44, 114 So. 574; III Alabama Law Review 108 (Payne, Recovery of Damages for Unpleasant Mental Stimuli).

■ And of course defamation—or slander—imports a publication of the opprobrious words, McDaniel v. Crescent Motors, 249 Ala. 330, 31 So.2d 343, 172 A. L.R. 204, and is actionable not because of the mental or emotional disturbance inflicted on the victim, but because of injury to the reputation. III Alabama Law Review, supra.

To be sure, the pertinent law is full of casuistries and as so aptly said in Crawford v. McMickens, 190 Ala. 102, 107, 66 So. 712, 713, the decisions relating to such questions are so conflicting as "to amount almost to anarchy". But the law in this jurisdiction as resolved by the foregoing decisions—and others which could be cited—has been exposited in such definite terms that we think it sound to abide by these previous holdings. As stated in Maze's case, supra [217 Ala. 44, 114 So. 575], "The action for verbal abuse is slander, and words used, when not accompanied by an assault, are not the subject of actionable damages."

Our cases which have allowed recovery for physical injuries with accompanying mental pain or emotional disturbance caused by the intentional use of insulting or abusive language are all bottomed on some traditional tort. In Engle v. Simmons, 148 Ala. 92, 41 So. 1023, 7 L.R.A.,N. S., 96, decision was rested on the rationale

that the injury to the wife by the use of such language in her home was the natural and probable result of the unlawful trespass to the home. Others of our cases which allow recovery are the ones against those engaged in public business and involve a violation of a duty arising out of contractual relation, such as the carrier and passenger cases and the innkeeper and guest cases. But those cases, of course, are distinguishable from the one at bar.

We are mindful of the critical comments of the law writers and some of the courts against adhering to a static principle long embedded in our jurisprudence, but much can be said on either side of the question and we think it sound to adhere to the legal concept so long established in this jurisdiction.

So considered, mandamus must be awarded.

Writ granted.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.