74 So.2d 447

**S. J. MORRIS**

v.

**Cecil D. BAILEY et al.**

4 Div. 739.

Supreme Court of Alabama.

Aug. 30, 1954.

Horton H. Little, Luverne, for appellant.

Sentell & Turner, Luverne, for appellees.

**LIVINGSTON, Chief Justice.**

This appeal is from a decree of the Circuit Court of Crenshaw County, Alabama, in Equity, overruling demurrer to a bill seeking specific performance of a contract to sell real estate. The bill also prayed for an injunction and general relief.

In substance, the bill of complaint alleges that the appellees, Cecil D. Bailey and Elsie Jacqueline Bailey, entered into a contract with S. J. Morris, appellant, for the purchase of certain described real estate. The bill alleges that the appellees agreed to pay $5,000 in annual installments over a period of years and at a certain rate of interest for the lands involved. It also alleges that the appellant agreed to execute and deliver a deed to appellees upon the maturity of all installments, provided the appellees had paid the installments, with interest thereon, as they matured. The bill further alleges that appellees had paid a portion of the installments, as they had matured, and avers that they had performed all other things required of them under the terms of the contract, and that appellant had refused to accept an installment due, without excuse or cause, although the installment was tendered on the due date. The bill also alleges that appellees stand ready and willing to pay not only said installment which is due, but also all other installments which are not due, plus interest thereon; further, that appellant is wrongfully and without cause asserting a right of forfeiture contained in the contract, and that appellant has demanded rent from appellees' tenants, or else possession of the premises involved upon noncompliance. The bill by general averment states that the latter conduct on the part of the appellant is causing appellees irreparable injury.

The contract, which was incorporated in and made a part of the bill of complaint, explicitly states that the appellees "are not authorized nor empowered to pay the * * * principal sum before due date."

The injunctive relief sought is against appellant's interference with possession of the real estate of the appellees, and as stated, the bill contained a prayer for general relief.

The appellant demurred to the bill as a whole, and to each aspect of the bill, namely, that seeking specific performance, and the aspect seeking injunctive relief. The demurrer was properly framed so as to assign grounds separately and severally to the bill as a whole and to each aspect thereof.

The trial court overruled the demurrer in its entirety. Assignments of error raise the correctness of said ruling as to the bill as a whole, and as to each of the aforementioned aspects.

According to the averments contained in the bill, and accepted as true on demurrer, appellant had no right to declare a forfeiture of the contract.

We are of the opinion that appellees are not entitled to the permanent injunction prayed for. As ground for injunctive relief, appellees' bill merely states that "respondent is interfering with the complainants' possession of said property and has demanded the said tenants to pay rent for the property to him or remove

from the premises. Respondent is seriously jeopardizing complainants' relations with their tenants." Also, the bill states that "unless the respondent is restrained by the Court, he will continue to interfere with complainants' possession of said property and will harass the complainants."

It is clear from the complaint that appellees, complainants in the court below, through their tenants, are still in possession of the premises in question. The bill does not state that appellant has trespassed upon the land, in addition to the alleged interference. It is our opinion, however, that the failure to allege any such trespass does not change the remedy available in the instant case. Even if trespass were averred and proved, as well as the alleged interference, a permanent injunction could not be granted in the absence of further allegations and proof. See Deegan v. Neville, 127 Ala. 471, 29 So. 173. Mere averment that irreparable damage will result will not avail the pleader unless supported by proper charges of facts. Bowling v. Crook, 104 Ala. 130, 16 So. 131.

Should any interference on the part of the appellant occur subsequent to this appeal, and cause injury to the appellees, an action for damages may be prosecuted. Unless additional averments should then be made which would show irreparable injury, an action at law would be fully adequate.

Nothing in the bill indicates that the appellant is insolvent. We conclude, therefore, that the alleged interference does not warrant equitable injunctive relief.

In Bessemer Coal, Iron & Land Co. v. Bullard, 215 Ala. 433, 111 So. 5, complainant-appellee, intending to purchase a lot, entered into a contract with respondent "of the kind commonly designated as a lease sale contract." The contract provided that the complainant should pay a designated sum per month, with interest on deferred payments. If at the end of 116 months, complainant had paid each installment, respondent would execute and deliver to him a warranty deed without further consideration. After partial payment had been made, the respondent undertook to declare a forfeiture of the contract. Complainant had made all payments due at the time respondent undertook to declare the forfeiture. The bill of complaint prayed for a decree of specific performance, and for other equitable relief. Respondent's demurrer was merely a demurrer to the bill as a whole, though it attempted to raise the sufficiency of the bill in so far as it related only to specific performance. This court, speaking through Justice Sayre, clearly held that the "bill as a bill for specific performance was prematurely filed." Complainant was held not entitled to have the land deeded to him "because he has not paid all the purchase money."

The above reasoning is applicable to the instant case, especially so since the contract here involved contains a provision which specifically states that appellees "are not authorized nor empowered to pay the * * * principal sum before due date."

As for the complainant's remedy in Bessemer Coal, Iron & Land Co. v. Bullard, supra, he was held entitled to retain possession. Furthermore, under his general prayer for relief, complainant, upon proof of his averments, was held entitled to a decree relieving him against the forfeiture declared by the respondent, In addition, the court stated that any such decree should allow the complainant a reasonable opportunity to pay installments that had fallen due since the attempted forfeiture, and that it should protect the complainant's right to continue to make payments as they should fall due in the future. Where a bill in equity is sufficient in other respects and contains a proper prayer, it is not demurrable because of a prayer for further but unwarranted relief. See Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550. Thus, the trial court's action of overruling the demurrer to the bill of complaint was sustained.

The language of Bessemer Coal, Iron & Land Co. v. Bullard, supra, is determinative of this phase of the appeal. It is clear, therefore, that the bill does have equity, and that the trial court did not err in overruling the demurrer in so far as it was directed to the bill as a whole. However, for reasons heretofore stated, the low-

284

er court did commit error in failing to sustain appellant's demurrer in so far as it is directed to the aspects of the bill which concern the prayers of specific performance and a permanent injunction. As to the latter two aspects, the decree of the lower court must be, and is, hereby reversed. Said decree is affirmed in so far as it overruled appellant's demurrer to the bill as a whole, and the appellee, under his general prayer, is entitled to relief in accord with the holding of Bessemer Coal, Iron & Land Co. v. Bullard, supra.

Affirmed in part, reversed and remanded in part. Cost of appeal taxed against appellant.

SIMPSON, GOODWYN and CLAYTON, JJ., concur.