109 So.2d 721

Robert Henry CREW

v.

W. T. SMITH LUMBER CO. et al.

3 Div. 823.

Supreme Court of Alabama.

Feb. 19, 1959.

J. O. Sentell, Jr., Montgomery, for appellant.

**630**

Poole & Poole and Wm. Hamilton, Greenville, for appellees.

STAKELY, Justice.

This is an appeal by Robert Henry Crew from a final decree rendered in the Circuit Court of Butler County, in Equity, in which W. T. Smith Lumber Company, a corporation, was complainant and Robert Henry Crew and B. C. Owen were respondents.

The original bill filed by W. T. Smith Lumber Company averred that the complainant was the owner of certain trees and timber growing, standing, lying and being on certain described land. It further averred that complainant obtained title to said timber and the right to remove the same from the land from the owner of the land by deed and that the respondent B. C. Owen is now the owner of that land, subject to the timber conveyance.

It is further averred that B. C. Owen is in the peaceable possession of said land, claiming to own the same in his own right and that no suit is pending to enforce or test the validity of the title to said land, but that the title of the respondent, B. C. Owen, is denied or disputed by respondent, Robert Henry Crew, who claims or is reputed to own or claim some interest in said land or some part thereof.

It is averred in the bill that the complainant "is now engaged in the cutting of the aforesaid timber," and that Robert Henry

Crew is interfering with the complainant in the cutting and removing of said timber, and has by threats of personal violence prevented the cutting and removing of same. It is also averred that there is a time limit for cutting and removing the timber and that if complainant is prevented from cutting said timber during said time limit, it will suffer irreparable loss and damage. The bill prays for a decree permanently enjoining the respondent, Robert Henry Crew, from intimidating and interfering in the cutting and removal of the timber, for the quieting of complainant's title to the timber and for general relief.

The original bill when construed most strongly against complainant shows that the only injunctive relief sought is for the purpose of preventing threats and intimidations against agents, servants, employees and contractors of complainant. In this respect the original bill in the instant case differs from the bill in the case of Green v. Mutual Steel Co., Inc., post, p. 648, 108 So.2d 837.

The respondent, B. C. Owen, filed a demurrer, answer and cross bill to the original bill. The cross bill which makes Robert Henry Crew the cross respondent, avers that the cross complainant, Owen, owns and is in the peaceful possession of the land described in the cross bill and that Crew claims or is reputed to claim some right, title or interest in or incumbrance on said land. The cross complainant, Owen, prays for the quieting of title and for general relief.

The respondent, Robert Henry Crew, filed a demurrer to the original bill. There followed a decree by the court overruling the demurrers of both respondents to the original bill.

B. C. Owen amended his cross bill against Crew by adding another aspect, which averred that Owen and Crew are coterminous landowners and that there is a dispute as to the boundary line between their respective lands. The prayer to this aspect is that a true boundary line be determined. This amendment was filed on the day preceding the hearing in open court of the

cause and the entering of the final decree. No answer or other pleading to this amendment was filed by the respondent, Robert Henry Crew.

The final decree described the true and correct boundary line between the property of B. C. Owen and the property of Robert Henry Crew. The decree further granted the complainant, W. T. Smith Lumber Company, an extension of time for the cutting and removing of the timber claimed. And finally the decree permanently enjoined the appellant, Robert Henry Crew, from interfering in any way with the cutting and removing of the said timber by the complainant.

I. It is insisted that the lower court erred in overruling the appellant's demurrer to the original bill of complaint filed by W. T. Smith Lumber Company. It does not appear from the bill of complaint on exactly what theory the complainant bases its prayer for a permanent injunction enjoining the respondent, Robert Henry Crew, from intimidating and interfering with the agents, servants, employees and contractors in the cutting and removal of timber from said land. Under the allegations of the bill before us we do not consider that the equity court has jurisdiction to grant such relief. The case of Montgomery & W. P. R. Co. v. Walton, 14 Ala. 207, supports this view. In that case the complainants were building a road over a strip of land to which they had secured the title. The bill of complaint alleged that complainants were prevented from proceeding with their work by the threats of the defendant that he would kill or injure their agents, if they attempted to work on the land. This court after saying that the allegations of the bill show that the complainants have obtained the right of way over the land of the defendant, in denying the jurisdiction of the equity court said:

"The company, then, have the right to go on and construct, and use the road, and the allegations in the bill that the defendant threatens to obstruct them in the use and construction of the road,

and threatens personal violence to the agents of the company, if they attempt to erect the road, cannot give this court jurisdiction.

"The rule is too well established to admit of controversy, that equity cannot interpose by way of injunction to restrain the commission of a personal trespass, although it may be threatened."

The rule set forth in the foregoing case has been qualified as shown by the following excerpt from Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657, where the court quoted with approval the following from Port of Mobile v. Louisville & Nashville R. Co., 84 Ala. 115, 4 So. 106, 112:

" * * * The mere fact that an act is criminal does not divest the jurisdiction of equity to prevent it by injunction, if it be also a violation of property rights, and the party aggrieved has no other adequate remedy for the prevention of the irreparable injury which will result from the failure or inability of a court of law to redress such rights. * * *"

In Morris v. Bailey, 261 Ala. 281, 74 So. 2d 447, 448, this Court said:

"We are of the opinion that appellees are not entitled to the permanent injunction prayed for. As ground for injunctive relief, appellees' bill merely states that 'respondent is interfering with the complainants' possession of said property and has demanded the said tenants to pay rent for the property to him or remove from the premises. Respondent is seriously jeopardizing complainants' relations with their tenants.' Also, the bill states that 'unless the respondent is restrained by the Court, he will continue to interfere with complainants' possession of said property and will harass the complainants.'

" * * * The bill does not state that appellant has trespassed upon the land, in addition to the alleged interference. It is our opinion, however, that the failure to allege any such trespass does not change the remedy available in the instant case. Even if trespass were averred and proved, as well as the alleged interference, a permanent injunction could not be granted in the absence of further allegations and proof. See Deegan v. Neville, 127 Ala. 471, 29 So. 173. * * *"

In the case of Ex parte Hammett, 259 Ala. 240, 66 So.2d 600, the basis of the suit was a telephone conversation where the defendant is alleged to have used abusive and insulting language to the plaintiff. It was held that such language when unaccompanied with any act of trespass or defamation does not give rise to a cause of action. So in the instant case mere threats unaccompanied by trespass does not give rise to a cause of action. Furthermore our cases hold that where a bill has no equity, it will not support an injunction. McHan v. McMurry, 173 Ala. 182, 55 So. 793.

Evidently in an effort to meet the requirements of the foregoing cases, it is alleged in the bill of complaint that irreparable damage will be suffered by the complainant if the injunction prayed for is not granted. But the only facts set out in support of this allegation are that the time allowed for cutting and removing the timber from the land will expire on a certain date and if the complainant is prevented from cutting said timber during the time limit, it will suffer irreparable loss and damage. It is also averred that if the threats and intimidations of respondent, Robert Henry Crew, are not enjoined the complainant will be required to move its mill and machinery and will thereby suffer damages which cannot be reasonably compensated in a court of law. We are unable to determine from the facts alleged why such damages cannot be reasonably compensated in a court of law. Mere averment that irreparable damage will result will avail the pleader nothing unless supported by proper charges of facts. Morris v. Bailey, 261 Ala. 281, 74

So.2d 447; Bowling v. Crook, 104 Ala. 130, 16 So. 131.

We conclude that the equity court had no jurisdiction to grant the injunction prayed for.

■ Title 47, § 49(1), Code of 1940, 1955 Cumulative Pocket Part, provides that standing timber and trees when owned by any person other than the owner of the land on which they stand are to be deemed chattels and not real property. Obviously trees and timber which have been cut are chattels. Hence, the bill seeks to have title to personal property quieted. Equity has no jurisdiction to quiet or protect title or right to personal property. Bailey v. Folsom, 207 Ala. 329, 93 So. 479; Mobile Towing & Wrecking Co. v. Hartwell, 206 Ala. 7, 89 So. 446.

Since there is no equity in either aspect of the bill, the appellant's demurrer to the bill should have been sustained and the bill dismissed.

■■ III. The question to be considered now is whether or not the cross bill filed by B. C. Owen, a respondent under the original bill against Robert Henry Crew, also a respondent under the original bill, should be allowed to survive the dismissal of the original bill for want of equity.

It is generally recognized that the dismissal of the original bill does not necessarily carry with it the cross bill. The distinction is made that if the cross bill is defensive merely (having no independent equity in itself), dismissal of the original bill dismisses the cross bill. If, however, the cross bill sets up new facts, relating to the same subject matter and prays for affirmative relief in reference to it, and presents a case for equitable cognizance, and shows grounds for equitable relief which uphold the jurisdiction of the court independent of the original bill, the dismissal of the original bill does not carry with it the cross bill. Ex parte Conradi, 210 Ala. 213, 97 So. 569; Faulk & Co. v.

Hobbie Grocery Co., 178 Ala. 254, 59 So. 450.

We think that there is independent equity in the cross bill and affirmative relief is sought. Hence the cross bill should survive the dismissal of the original bill.

But it is insisted by the appellant that no relief was available to the cross complainant, Owen, under the amendment to the cross bill filed the day preceding the trial of the cause, to which there was no answer or other pleading or on which there was no decree pro confesso. This contention is based on Rule 28(c) of the Alabama Equity Rules (Title 7 Appendix, Code of 1940), which states:

"* * * When an amendment to the bill is filed after the filing of a demurrer, plea, or answer, the defendants shall be allowed twenty days after service of the amendment within which to plead."

The record indicates that the appellant was present at the taking of the testimony and submission of the case. It further appears that the appellant failed to make any objection to the taking of testimony, but rather, that he had testimony introduced in his behalf and joined in the submission of the case.

■ When the court has jurisdiction of the subject matter and the parties before it, the want of pleading may be waived. In Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650, 653, this court said:

"Appellant insists that the decree appealed from should be reversed for the reason that the cause was not at issue for want of an answer to the bill or a decree pro confesso thereon, and, therefore, not ready for final decree.

"Unquestionably the submission and decree were irregular. Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. But such an irregularity may be waived."

We consider that appellant's failure to make any objection to the trying of the

cause, his introduction of evidence, and his joining in submission of the case, constitutes a waiver of the right claimed under Equity Rule 28(c), supra.

The appellant cites the case of Wahouma Sav. Bank v. Southern Plumbing & Heating Co., 220 Ala. 140, 124 So. 388, 391, to support his contention that no relief could be had under the amendment to the cross bill. The Wahouma case, stated, where the appellant failed to insist on an answer to his cross bill or move for a decree pro confesso, that, "The court will not be put in error for ignoring the appellant's prayer for relief under its cross-bill." This case did not intend to do away with the ruling holding that pleadings may be waived, which was set out in the recent case of Atkins v. Atkins, supra.

The appellant insists that the cross complainant, B. C. Owen, failed to show that he was in peaceable possession of the land in controversy, and that such failure to establish peaceable possession "destroyed the jurisdiction of the court over the cause and renders unnecessary a determination of any issue as to the contest of title."

It is unnecessary for this court to determine whether or not cross complainant Owen was in peaceable possession of the said land. The amendment to the cross bill, filed by B. C. Owen and discussed previously, was obviously filed under § 129, subdivision 5, Title 13, Code of 1940, and §§ 2–4, Title 47, Code of 1940, to establish and define an uncertain or disputed boundary line between coterminous landowners. The allegations of the amendment to the cross bill were substantially those required under these statutes. Its allegations show that the parties to the cross bill are coterminous landowners and that there is a dispute as to the true boundary line dividing the cross complainant's land from the land of the respondent, Robert Henry Crew. There can be no question that the jurisdiction of circuit courts as to equity matters includes the power "to establish and define

uncertain or disputed boundary lines, whether the bill contains an independent equity or not." Section 129, subdivision 5, Title 13, supra; Whitehurst v. Kilpatrick, 266 Ala. 150, 94 So.2d 868.

The rule is general and well recognized that in a suit in equity to determine a boundary line, the court has authority to determine all questions essential to final adjudication and settlement of the true boundary line. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Atkins v. Cunningham, 222 Ala. 553, 133 So. 586; Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

The case of Yauger v. Taylor, supra, states:

"The court of equity is not wanting in power to try titles to lands, so far as required in granting full equitable relief. As our cases above discussed fully disclose, this power has been freely exercised in boundary line cases under original chancery powers, whether the controversy involves the location of the true line by muniments of title alone, or the issue also involves claims of adverse possession. This is but an application of the principle that equity determines all matters incident to the exercise of its jurisdiction and the granting of relief. * * *" [218 Ala. 235, 118 So. 274.]

The appellant insists that the trial court erred in describing the line between the appellant and B. C. Owen; that the course of the line decreed by the court to be the true boundary line between the parties' lands differed from the course described in the pleadings. Such difference does not necessarily mean that the court erred in determining the boundary line. The case of Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857, 859, states that,

"If [the] complainants do not satisfactorily show that their contention is correct as to the true line, the cause is not due to be dismissed, nor does it necessarily result in finding accord-

ing to the contention of respondent; but the court will proceed to find the true line, whether it is as either party contends. They may both be wrong in respect to their contentions."

■ After carefully examining the record we consider that the line determined by the lower court as the true boundary line between the cross complainant, Owen, and the respondent, Crew, was supported by the evidence. Furthermore the rule is recognized that where the cause was heard ore tenus, the lower court's decree will be upheld on appeal unless it is palpably erroneous or manifestly unjust. Grayson v. George, 226 Ala. 106, 145 So. 427, and cases cited therein.

We therefore conclude that the portion of the lower court's decree which determined the true boundary line between the lands of the cross complainant, Owen, and the respondent, Crew, and quieted title thereto, was correct.

■ Since the demurrer to the original bill of complaint should have been sustained, no relief should have been granted under said original bill. The relief sought under the original bill of complaint and granted by the lower court was an injunction to enjoin Robert Henry Crew from interfering with complainant's cutting and removing of certain timber and an extension of time in which to cut and remove said timber from the disputed land. This relief could not be granted under the general prayer of the cross bill filed by B. C. Owen because such relief would be inconsistent with the allegations of said cross bill. Owen v. Montgomery, 230 Ala. 574, 161 So. 816; Sewell v. Walkley, 198 Ala. 152, 73 So. 422. Therefore this portion of the final decree must be reversed.

The remainder of the final decree is due to be affirmed.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.